(25 Misc. Rep. 635.)

### DANZIGER v. DELINE et al.

(Supreme Court, Special Term, Onondaga County. December, 1898.)

1. WITNESS—COMPETENCY.

Wife of a mortgagor, who joined in the mortgage and the notes therein, is incompetent, in a suit to foreclose, to testify to payment of usury to the deceased mortgagee, at the time the note and mortgage were given, being a party to the transaction, and interested in the event of the suit, a deficiency judgment being asked against her.

2. WILL.—CONSTRUCTION—MORTGAGE BY EXECUTOR.

While a will devising land to testator's husband for life, with remainder to their son, and appointing the husband executor, "with full power and authority to buy, sell, convey, lease, and mortgage real estate, at his will and pleasure, without bail," gives him a power of sale, to be exercised for the child's benefit, and not a remainder subject to defeat by exercise of the power, a mortgage given in violation of the purpose of the power is not void, the mortgagee not knowing thereof, or of facts which should put him on inquiry.

Action by Hiram B. Danziger, executor, against Oscar Deline, individually and as executor, and others.   Judgment for plaintiff.

Wilson & Cobb, for plaintiff.

C. H. Lewis, for defendants.

HISCOCK, J.   The lands covered by this mortgage belonged to a former wife of Oscar Deline.   At her death she left a will whereby, in effect, she devised a life estate to her said husband, with remainder to the defendant Willis Deline, who is an infant about 14 years old.   She also, by said will, appointed her husband "executor, * * * with full power and authority to buy, sell, and convey, and lease and mortgage, real estate, at his will and pleasure, without bail." Prior to the execution of the mortgage in question, said Oscar Deline had executed various mortgages, both individually and as executor, upon all or part of the premises so left by his wife and involved in this action.   It is impossible to determine for what purpose the proceeds of all the debts secured by said mortgages had been used, or that said mortgages stood as security for his individual debts.   The original mortgagee in the present mortgage, Rosenthal, had been more or less connected as mortgagee and otherwise with those mortgages.   So far as any accurate inference is permissible in this case, it is that the present mortgage was given for the purpose of retiring in part one of those former mortgages.   If that inference is not drawn, none other can be, as to the use or application of any proceeds of the mortgage now under consideration.   Upon the trial, defendants sought to give evidence by Alice Deline, the wife, that when she and her husband executed this mortgage, $1,000 was paid to the deceased mortgagee, Rosenthal, for bonus or usury.   It is undisputed that the notes and collateral were transferred to plaintiff's testator before maturity of the former.

Upon these principal facts, I am led to a judgment in favor of plaintiff through the following conclusions:   Alice Deline was not a competent witness to the alleged usurious transaction with Rosenthal. She was a party to that transaction, and is interested in the event of the suit, within the prohibitions of the Code.   Even if she should be considered as having withdrawn her defense upon the trial, as suggested, then she would still be interested.   The judgment asked against her here is for deficiency after sale of the premises.   If the mortgage is void for usury, so that there can be no sale, she escapes the possibility of judgment.   Moreover, she is a party maker to the notes covered by this mortgage.   A judgment in this action that said mortgage and notes were void for usury would be an adjudication which would bar any prosecution of the notes against her.   Even if

her evidence should stand, I should be unwilling to hold that a bonus of $1,000 was paid upon a loan of $2,500 for three months, which is the only basis upon which usury could be found.

Passing to the other defense of violation of trust by Oscar Deline, as against the infant, I believe that a proper construction of his wife's will is that the power of sale given to him was to be exercised for the benefit of the infant, not that the infant took a remainder subject to defeat by the exercise of the power. If, therefore, this mortgage was given in violation of the purpose of that power, it would be void if Rosenthal knew it, or knew of facts which should have put him upon an inquiry that would have disclosed it. I am unable, upon the proofs, to find either of these conditions. The mortgagee was not responsible in the first instance for the correct application of the proceeds of the mortgage as between Deline, trustee, and the infant, and there is no legal evidence that he knew, or should have known, that the proceeds were to be misapplied, if that was done. As stated before, the present mortgage seems to have been given for the purpose of retiring, in whole or part, another mortgage held by another mortgagee on the premises belonging in remainder to the infant. A provision, if desired, may be inserted in the findings and judgment that the same shall not be a bar to any proceedings for an accounting, between defendants and the estate of said Rosenthal, of their transactions.

Ordered accordingly.